UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NUMBER 5:24-CV-19-BJB-LLK

CHRISTOPHER BOOMER                                                                    PLAINTIFF

v.

TANNER LARRY SELLERS and
LARRISA COLLEEN SELLERS                                                            DEFENDANT

## MEMORANDUM OPINION AND ORDER
## DENYING STIPULATED PROTECTIVE ORDER

Pursuant to 28 U.S.C. § 636(b)(1)(A), this matter has been referred to Magistrate Judge Lanny King for hearing and determining all pretrial matters, including non-dispositive motions, and conducting a settlement conference. [Text Order at DN 7]. Before the Court is a Joint Motion for Stipulated Protective Order ("Joint Motion") accompanied by the proposed Stipulated Protective Order submitted by counsel for Plaintiff Christopher Boomer and *pro se* Defendants Tanner and Larissa Sellers. [DN 50]. As the parties have failed to meet their burden in establishing good cause for the entry of a protective order, the Joint Motion is DENIED, without prejudice.

I. BACKGROUND

This is a federal copyright infringement case brought by Plaintiff for alleged intellectual property rights infringement by *pro se* Defendants Tanner and Larissa Sellers. Specifically, Plaintiff's Complaint alleges that Defendants unlawfully cloned his copyrighted Roblox games *Weight Lifting Simulator* and *Muscle Legends,* and have profited from their unlawful infringement. Plaintiff alleges financial losses and harm as a result of Defendants' actions. The parties seek to exchange discovery responses while simultaneously protecting several categories of documents or

materials which they identify as "sensitive information," the public disclosure of which "would result in serious financial injury to either party." [DN 50] at 2.

The parties' Joint Motion, which purports to be filed consistent with Rule 26 and this Court's recent Order denying a Stipulated Protective Order in the case of *Hawkins v. Hopkinsville Solid Waste Enterprise*, 5:23-cv-83-BJB-LLK, DN 62, states its purpose as follows:

> … Plaintiff and Defendants state that disclosure and discovery activity in this action are [sic] likely to involve production of design or development materials or other proprietary information, source code, financial or other commercially sensitive information, and other similarly sensitive information. Such design and development information, including source code, anticipated to be produced during discovery constitutes proprietary information known only to the respective parties and must be kept out of the possession of the public and competitors to ensure the parties to this action are not financially or otherwise harmed by complying with discovery. The parties' financial information related to the games at issue in this case is similarly confidential because the revenues generated from the games and financial records like bank information and statements is [sic] commercially sensitive and/or subject to serious personal privacy considerations and must be kept out of the possession of the public and competitors to ensure the avoidance of financial harm by competitors or others that might access such information if publicly disclosed.

[DN 50] at 1-2.

The proposed Stipulated Protective Order tendered with the Joint Motion contains provisions which seek to protect confidential, proprietary, or private information produced during discovery from public disclosure. [DN 50-1] at 2. The scope of protection sought is described as follows:

> Pursuant to Rule 26(c), the parties submit that there is good cause to protect certain information and documents which have been and may be sought, produced or exhibited by and between the parties to this action relating to design or development materials *or other* proprietary information, source code, financial *or other* commercially sensitive information, *or any other* similarly sensitive information, disclosure of which would result in serious injury to either party.

*Id*. (emphasis added).

## II. STANDARD

Rule 26 of the Federal Rules of Civil Procedure affords the Court broad discretion to grant or deny protective orders. *Proctor & Gamble Co. v Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996). This Court is increasingly scrutinizing protective orders that do not make the necessary showing of good cause required by the Federal Rules of Civil Procedure and the relevant case law. *See Global Hemp, Inc. v. Industrial Hemp Solutions*, LLC, 5:20-cv-12-TBR-LLK, 2020 WL 12846562, at *1 (W.D.Ky. Oct. 6, 2020) (collecting cases). Pursuant to Rule 26(c)(1)(G),

> [t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including … requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way …." Good cause exists when the party moving for the protective order "articulate[s] specific facts showing 'clearly defined and serious injury' resulting from the discovery sought. . .."

*Nix v. Sword*, 11 Fed. App'x 498, 500 (6th Cir. 2001) (citing *Avirgan v. Hull*, 118 F.R.D. 25, 254 (D.D.C. 1987)). For example, in determining whether to grant a protective order in a trade secret case, this Court considered the following factors:

> (1) the extent to which the information is known outside of [the] business;
>
> (2) the extent to which it is known by employees and others involved in [the] business;
>
> (3) the extent of measures taken … to guard the secrecy of the information;
>
> (4) the value of the information to [the business] and to [its] competitors;
>
> (5) the amount of effort or money expended … in developing the information;
>
> (6) the ease or difficulty with which the information could be properly acquired or duplicated by others.

*Williams v. Baptist Healthcare Sys.*, No. 3:16-CV-000236-CRS, 2018 WL 989546, at *2 (W.D. Ky. Feb. 20, 2018) (citing *Nash-Finch Co. and Super Food Servs., Inc. v. Casey's Foods, Inc.*, 2016

WL 737903, at *2 (E.D. Ky. Feb. 23, 2016). "To show good cause, the moving party must articulate specific facts that show a clearly defined and serious injury resulting from the discovery sought; mere conclusory statements will not be sufficient." *In Re. Skelaxin Antitrust Litig.*, 292 F.R.D. 544, 549 (E.D. Tenn. 2013). Upon a showing of good cause, this Court has found that discovery documents can be protected as "Confidential" by agreement via a narrowly tailored protective order.[1]

In addition to a showing of "good cause" for the protections sought, this Court also requires a narrowly tailored approach to defining the class of documents to be protected. Showing substantial justification for withholding information from the public is a heavy burden: "[w]hile District Courts have the discretion to issue protective orders, that discretion is limited by the careful dictates of Fed. R. Civ. P. 26 and 'is circumscribed by a long-established legal tradition which values public access to court proceedings.'" *Schrank v. Roller Die and Forming Company, Inc.*, 3:21-cv-598-RGJ-LLK, 2022 WL 256318, at * 2 (W.D. Ky. Jan. 26, 2022), (citing *In re. Skelaxin Antitrust Litigation*). The parties must set forth with specificity the reasons protection is sought for a narrowly defined classes of documents, or simply agree among themselves to have certain limitations on the materials produced in discovery without court intervention. *Hasenbein v. F3EA, Inc.*, 3:20-cv-822-BJB-RSE, 2021 WL 6496791, at *1 (W.D. Ky. May 18, 2021).

---

[1] By way of example, this Court points to its prior decision in *Bussell v. Elizabethtown Independent School District*, 3:17-CV-00605-GNS, DN 27 (W.D. Ky. Aug. 29, 2018), wherein the parties submitted an Agreed Protective Order for the protection of alleged confidential and private information, but failed to explain why the order was necessary. The Court denied the motion without prejudice, instructing that a request for a protective order should set forth the reasons why the order is necessary. *Id*. at DN 28. The parties subsequently filed a new Motion for Protective Order, which the Court granted, noting that the parties explained that the materials sought to be protected were nude or seminude photographs and that dissemination of the images is sensitive, could constitute a crime, and could adversely impact ongoing criminal proceedings. *Id*. at DN 33.

III. ANALYSIS

In this case, the parties have not demonstrated good cause to justify protection of a clearly defined class of documents. The documents sought to be protected are defined broadly as "confidential design or development materials or other proprietary information, source code, financial or other commercially sensitive information, or any other similarly sensitive information, disclosure of which would result in serious injury to either party." [DN 50-1] at 2. Based upon these very broad "or other" and "similarly sensitive" information parameters, the class of documents to be deemed confidential/protected could be anything that either party determines to be sensitive information.

Furthermore, the parties have not identified a clearly defined, serious injury that would result from the production of this broad set of documents. The parties' proposed Stipulated Protective Order purports to limit its reach "only to the limited information or items that are entitled to confidential treatment under the applicable legal principles," but fails to clearly define either the limited information/items to be protected or the applicable legal principles which would justify their protection. Mere conclusory statements and generalizations such as "applicable legal principles" do not suffice to show good cause.

Paragraph Three indicates that the term "Protected Material" is defined above, but it is not. Instead, rather circularly, the definition of "Protected Material" appears to be any material designated/stamped/labeled "CONFIDENTIAL" and given "CONFIDENTIAL" treatment under this Order. Paragraph Three indicates that the Stipulated Protective Order applies to both designated "Protected Material" and also: "(1) any information copied or extracted form Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any

testimony, conversations, or presentations by parties or their counsel that might reveal Protected Material."

Paragraph Seven would have this Court issue a preemptive injunction for all persons to whom confidential information and/or documents are disclosed from disseminating or disclosing them to any other person. This Court does not prospectively enjoin unidentified third parties referenced in a protective order. While Paragraph 7 states that "Nothing in this Order shall prevent a party from using at trial any information or materials designated "CONFIDENTIAL," Paragraph Four terms appear to do just that, by requiring either written permission from the Producing Party or a court order prior to filing Protected Material into the record. This Court's seal analysis will be undertaken separately and independent of the Stipulated Protective Order at the time such a motion to seal is filed.

## IV. CONCLUSION

Accordingly, the Court DENIES the parties' Joint Motion for Stipulated Protective Order and DECLINES to enter the tendered Stipulated Protective Order, without prejudice. The Court will consider entry of a protective order for specifically defined documents or classes of documents for which specific legal authority is articulated to justify their protection.

August 1, 2025

Lanny King, Magistrate Judge
United States District Court